Revised 3/00

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)



---

### 1. CAPTION OF ACTION

**A.   Full Name And Prisoner Number of Plaintiff:  NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

Ronald Davidson

-vs-

**B.   Full Name(s) of Defendant(s)  NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Wesley Canfield, M.D.              2. Calvin West
3. Glenn Goord                        4. Lester Wright, M.D.
5. Anthony J. Annucci                 6. John Does 1-10
7. Joseph Hatef, DPM (contract podiatrist)

---

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

---

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Ronald Davidson #76A1166

Present Place of Confinement & Address: Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589-0700

Name and Prisoner Number of Plaintiff:_____.

Present Place of Confinement & Address:_____

_____

_____

**DEFENDANT'S INFORMATION**  NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Wesley Canfield, M.D._____.

(If applicable) Official Position of Defendant: Facility Health Services Director, Elmira C.F

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: Elmira Correctional Facility, P.O. Box 500, Elmira, NY

14902-0500_____

Name of Defendant: Calvin West_____.

(If applicable) Official Position of Defendant: Superintendent, Elmira C.F.

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: Elmira Correctional Facility, P.O. Box 500, Elmira, NY

14902-0500_____

Name of Defendant: Glenn Goord_____.

(If applicable) Official Position of Defendant: former commissioner, NYS Dept. of Correction-
al Services
(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: c/o Anthony J. Annucci, Esq., Counsel and Deputy

Commissioner, NYS Dept. of Correctional Services, 1220 Washington Avenue,

Albany, NY 12226

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.  Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**  Yes_____  No__X__

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

2

2(A)

Defendants' Information Continued
---

Lester Wright, M.D.
Chief Medical Officer
NYS Dept. of Correctional Services
1220 Washington Avenue
Albany, NY 12226

Anthony J. Annucci, Esq.
Counsel and Deputy Commissioner
NYS Dept. of Correctional Services
1220 Washington Avenue
Albany, NY 12226

John Does 1-10 refers to as yet unknown employees of the NYS Dept. of Correctional Services ("DOCS") in the classification and movement unit(s) or other units that played a role in approving and/or carrying out my transfer from Elmira Correctional Facility on or about 24 December 2004 and their actions leading up to said transfer. When their identities are ascertained on discovery I will so advise the Court.

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____.

   Defendant(s):_____

   _____.

2. Court (if federal court, name the district; if state court, name the county):_____

   _____.

3. Docket or Index Number:_____.

4. Name of Judge to whom case was assigned:_____.

5. The approximate date the action was filed:_____.

6. What was the disposition of the case?

   - Is it still pending?  Yes_____  No_____

     - If not, give the approximate date it was resolved._____.

   - Disposition (check the boxes which apply):

     ☐ <u>Dismissed</u> (check the box which indicates why it was dismissed):

        ☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ☐ By court for failure to exhaust administrative remedies;

        ☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        ☐ By court due to your voluntary withdrawal of claim;

     ☐ <u>Judgment</u> upon motion or after trial entered for

        ☐ plaintiff

        ☐ defendant.

B. Have you begun **any other lawsuits in federal court** which **relate to your imprisonment?**

   Yes  X    No_____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): Ronald Davidson_____.

   Defendant(s): Nicholas Brezniak, et. al._____

   _____.

2. District Court: __U.S. District Court, Western District of New York__.
3. Docket Number: __95-CV-204C__.
4. Name of District or Magistrate Judge to whom case was assigned:_____
   __Hon. John T. Curtin_____.
5. The approximate date the action was filed:_____.
6. What was the disposition of the case?

   - Is it still pending? Yes __X__ No_____
     - If not, give the approximate date it was resolved._____.
   - Disposition (check the boxes which apply):

     ☐ <u>Dismissed</u> (check the box which indicates why it was dismissed):

     ☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

     ☐ By court for failure to exhaust administrative remedies;

     ☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

     ☐ By court due to your voluntary withdrawal of claim;

     ☐ <u>Judgment</u> upon motion or after trial entered for

     ☐ plaintiff

     ☐ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection

- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect

- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial,

4

4(A)

Davidson v. Bennis, et. al., Docket No. 95-CV-154C

U.S. District Court, W.D.N.Y,

Before Hon. John T. Curtin

Status:  Pending

---

Davidson v. Uday K. Desai, M.D., et. al.

U.S. District Court, W.D.N.Y.
Docket No. 03-CV-0121S

Status:  Pending

Before Hon. William Skretny and U.S. Magistrate Judge Foschio

(In addition to my W.D.N.Y. actions I have unrelated actions pending in the S.D.N.Y. and N.D.N.Y. federal courts)

allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**A. FIRST CLAIM:** On (date of the incident) In or about June 2004,
defendant (give the **name and position held** of **each defendant** involved in this incident) Wesley Canfield, M.D., and the other named defendants, as reprisals for my filing Davidson v. Desai, et. al., 03-CV-0121S in this courthouse, placed me in for a transfer from Elmira Correctional Facility (the workplace of defendants)
did the following to me (briefly state what each defendant named above did): to another prison. Canfield, as Elmira's medical director and the other named defendants, knew that said transfer would interfere with scheduled bilateral foot surgery and urological surgery. In fact, Canfield advised me that he was cancelling the surgeries because he didn't want me "hanging around" Elmira prison to recuperate from said surgeries and that he wanted me to be transferred from Elmira prison as as soon as possible. Dr. Canfield advised me of his plans in an extremely irate fashion soon after he and the other named defendants were served with the complaint in or about June 2004. I immediately grieved his retaliatory plans as soon as he advised me of them, and appealed the grievance to the CORC level, to no avail.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Reprisals for my use of free speech and access to the courts for redress and denial of due process and equal protection of the law; denial of medical treatment.

The relief I am seeking for this claim is (briefly state the relief sought):

---

### Exhaustion of Administrative Remedies

According to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Did you grieve and/or appeal this claim:    Yes  X    No _____

5

If your answer is yes, state the result: My grievance was denied.

Did you appeal that decision:   Yes  X   No____

If your answer is yes, state the result: CORC (the DOCS' highest grievance level) denied my requested relief

*Attach any documents which indicate that you have exhausted your administrative remedies regarding this claim.*

If your answer is no, state why you did not: Photocopies of the grievances are not available at present. Will send them to the Court under seperate cover when they become available, ie: Grievance Nos.: EL-27-014-04, ~~EL-27014-04~~, EL-26765-04, EL-26-896-04, EL-27061-04, EL-26647-04

**B. SECOND CLAIM:** On (date of the incident) In or about July 2004 and thereafter in 2004, defendant (give the **name and position held** of **each defendant** involved in this incident) Wesley Canfield, M.D., and the other named defendants, cancelled scheduled bilateral foot surgery to be performed by Dr. Joseph Hatef, a podiatrist at Steuben Podiatry Assoc., LLP. 154 East Second Street, Corning, N.Y. 14830 did the following to me (briefly state what each defendant named above did): I fully set forth the details of this retaliatory act in a letter to Timothy J. Dentry, Administrator of Corning Hospital, 176 Denison Parkway E., Corning, NY 14830, dated 24 July 2004 (with an attachment of grievance no. EL-26-765-04, and mailed copies to Anthony J. Annucci, Esq., Wesley Canfield, Dr. Joseph Hatef, et. al. Named defendants also cancelled urological surgery scheduled to be performed by Alan Angell, M.D., a urological surgeon in Elmira, N.Y. Up until the time of my transfer out of Elmira prison on or about 24 December 2005 I repeatedly asked Dr. Canfield and the other named defendants to re-schedule the cancelled surgeries, to no avail. They had opportunities to re-schedule the surgeries but refused to do so at all turns.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: As set forth in the First Claim/Cause of Action

The relief I am seeking for this claim is (briefly state the relief sought): 1) A jury trial; 2) In forma pauperis status; 3) Assignment of pro bono counsel; 4) Injunctive relief to receive the cancelled foot surgeries; 5) Compensatory and punitive damages in an amount that a jury feels is appropriate to vindicate my rights and to deter the defendants and their ilk from committing further and future wrongful and illegal acts of this nature.
See Page 6(a) for further Claims/Causes of Action

6

Statement of Claim/Causes of Action (Continued)

### Third Claim/Cause of Action

I was examined by gastroenterologists at SUNY Upsate MedicalCenter at Syracuse and had a colonoscopy performed. Amongst the findings were diverticulosis. The gastroenterologists ("G.I." specialists) ordered a high fiber diet.

At first, Dr. Canfield"honored"that order and I was provided with an ostensible "high fiber diet" consisting of whole wheat bread. All other items on the so-called "high-fiber diet" were the same as the regular diet, i.e., low in fiber.

In fact, Dr. Canfield in reality never honored the order and never saw to it that I was provided with a high-fiber diet. He then made matters worse by removing me fron the so-called "high-fiber diet" which at least provided whole wheat bread, because, in his words, "it costs too much." Dr. Canfield claimed that the cost of the whole wheat bread was too much and that it was being stolen by messhall workers (both civilian and prisoners). I pointed out to him that the cost of the bread and any alleged thefts of it weren't his concern and that it was in violation of federal case law in this Circuit to deny me an ordered and needed diet for medical needs. He wasn't impressed by my statements and repeated a favorit phrase of his and the other named defendants, "sue me."

To date, I continue to be denied a high-fiber diet by Dr. Lester Wright and the commissioner of the Department of Correctional Services.

### Fourth Claim/Cause of Action

Prior to my transfer from Elmira prison on or about 24 December 2004, I was admitted to the SUNY Bighamton University college course at Elmira. As a result, per the memorandum of K. Gould, Education Supervisor, dated 01 October 2004, addressed to me, I was supposed to be put on a "hold" to prevent any non-emergent transfers that would interfere with said program. Such emergent transfers would include medical or SHU reasons. Those factors did not apply to the complained of transfer. As a result of the transfer, the college course which was in progress when I was transferred was interfered with and thus denied to me. I wrote to defendant Anthony J. Annucci, Esq., about this on 03 October 2004 and advised him of the "hold" and the planned retaliatory transfer. I further advised that the hold was supposed to be in place until approximately May of 2005. and asked him to take action, i.e., see to it that the cancelled surgeries wer re-scheduled. This was to no avail. Also, despite being on notice of the educational department "hold" for SUNY Binghamton University course, he took no action to see to it that I was allowed to complete said course. Thus, in addition to being denied the aforementioned surgeries, Anthony Annucci, Esq., et. al., denied me the college course I was admitted to and enrolled in as reprisals for my bringing suit in Desai, 03-CV-0121S.

### Exhaustion of Administrative Remedies

According to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Did you grieve and/or appeal this claim:   Yes __X__   No_____

    If your answer is yes, state the result: __My grievance was denied (several grievances)__.

    Did you appeal that decision:   Yes __X__   No_____

    If your answer is yes, state the result: __My appeals to CORC were all denied (See pg.6)__

*Attach any documents which indicate that you have exhausted your administrative remedies regarding this claim.*

If your answer is no, state why you did not: _____

_____

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

__As set forth on page 6, bottom., i.e., jury trial, assignment of counsel,__
poor person status, injunctive relief, compensatory and punitive damages in an

amount to vindicate my rights and to deter future abuses.

Do you want a jury trial?  Yes __X__   No_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on ___16___  __July 2007__
                         (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_/s/ Ronald Davidson_

Signature(s) of Plaintiff(s)

Legal Mail

**SHAWANGUNK CORRECTIONAL FACI**
P.O. BOX 700
WALLKILL, NEW YORK 12589
NAME: Ronald Davidson

RECEIVED

Clerk of Court
U.S. District Court, WDNY
68 Court Street
Buffalo, NY 14202