UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD DAVIDSON,

        Plaintiff,

v.
                                                        07-CV-599S(Sr)

WESLEY CANFIELD, M.D.,

        Defendant.
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #18.

Plaintiff, Ronald Davidson, filed this action pursuant to 42 U.S.C. § 1983, alleging that between June and December 24, 2004, while he was incarcerated at the Elimira Correctional Facility ("Elmira"), Wesley Canfield, M.D., Facility Health Services Director at Elimira, arranged for plaintiff's transfer to Shawangunk Correctional Facility ("Shawangunk"), so as to interfere with scheduled foot surgery and urological surgery, in retaliation for plaintiff's filing of *Davidson v. Desai*, 03-CV-121. Dkt. ## 1 & 5.

Following a preliminary pretrial conference on April 1, 2010, the Court issued a Case Management Order providing that

> defendants may depose the plaintiff pursuant to
> Fed.R.Civ.P. 30(a), in person, by video conferencing or by
> telephone at the correctional facility where he presently

>resides. The plaintiff shall be provided reasonable notice, at least 30 days in advance of the deposition, pursuant to Fed.R.Civ.P. 30(b)(1). If the plaintiff's deposition is to be taken in person, such security measures shall be taken as are necessary in the opinion of the superintendent of the correctional facility where the deposition is to be taken, including, but not limited to, the presence of corrections officers in the examining room, but provided that no officer assigned as a member of a security detail is a party to this action.

Dkt. #24, ¶ 2.

Defendant filed initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, noting that they would provide plaintiff with copies of his medical records upon receipt following plaintiff's execution of an authorization permitting the release of such records. Dkt. #26.

By Notice of Deposition dated May 31, 2011, the Assistant Attorney General ("AAG"), notified plaintiff that his deposition would take place "[o]n a day during the week of July 3, 2011 at 10:00 a.m." and "at a facility to be determined by DOCS."[1] Dkt. #36. The AAG declares that he requested plaintiff's transfer to Attica for deposition on May 31, 2011. Dkt. #42, ¶ 17.

By Notice of Motion dated June 5, 2011, plaintiff sought a protective order directing the AAG to conduct his deposition at the facility in which he was residing, *to wit*, Shawangunk, either in person or by videoconference, behind closed doors outside

---

[1] The Department of Correctional Services ("DOCS"), and the Division of Parole have merged and are now referred to as the Department of Corrections and Community Supervision ("DOCCS").

of the presence of employees of Shawangunk at a date and time that did not conflict with scheduled medical appointments and only after plaintiff received copies of his medical records. Dkt. #37. In support of his motion, plaintiff affirms that medical issues, including several herniated and bulging lower spinal discs as well as urological problems, prevent him from taking excessively long trips. Dkt. #37, ¶ 5. As a result of these issues, planitiff agreed to participate in a non-jury trial before the Hon. Richard J. Arcara by videoconference. Dkt. #37, ¶ 6. Plaintiff argues that if the court can conduct a trial by videoconference, there is no reason the AAG cannot conduct a deposition by videoconference, as other AAGs have done in other cases plaintiff has commenced against correctional facility employees. Dkt. #37, ¶ ¶ 6, 7, 10. Moreover, plaintiff seeks an Order similar to one entered February 14, 2011, in which the Hon. Richard J. Arcara directed that the trial of *Davidson v. Brzezniak*, 95-CV-204, proceed by videoconference from Shawangunk Correctional Facility without the presence of security staff in the videoconferencing room. Dkt. #37, pp.8-9.

      The AAG declares that on June 23, 2011, after reviewing plaintiff's motion for a protective order, he phoned Classification and Movement and informed them that plaintiff's deposition was cancelled. Dkt. #42, ¶ 25. By letter dated June 23, 2011, and addressed to Classification and Movement and the Inmate Records Coordinators at both Shawangunk and Attica, the AAG confirmed

> that I have cancelled the deposition of inmate Ronald Davidson (76-A-1166) which I had scheduled to be held at Attica Correctional Facility on Wednesday, July 6, at 10 a.m. Therefore Mr. Davidson does not need to be transferred to Attica for that purpose.

Dkt. #42, p.16.

By Notice of Motion dated June 26, 2011, plaintiff sought an order holding the AAG in contempt of court for attempting to produce plaintiff for deposition at a time and date which caused the cancellation of plaintiff's surgery to remove a bunion. Dkt. #39. Plaintiff also seeks permission to amend his complaint to challenge repeated cancellations of this procedure. Dkt. #39.

In response to the motion for contempt, the AAG declares that he was unaware that plaintiff was scheduled for surgery until he received plaintiff's motion for contempt on June 29, 2011. Dkt. #42, ¶¶ 27-29. The AAG seeks permission to depose plaintiff in the Western District of New York, as that is the venue of this lawsuit and as it is less costly to transfer plaintiff than to compensate the AAG for his time, travel expenses and cost of accommodations should he be required to travel to Shawangunk. Dkt. #42, ¶¶ 9-11 & 43-46. The AAG further declares that he strongly disfavors videoconference depositions because of, *inter alia*, the time delay and difficulty handling exhibits. Dkt. #42, ¶ 6. Finally, the AAG argues that the motion to amend should be denied, as plaintiff's concerns regarding the delay in surgery are not properly venued in the Western District of New York and do not relate to the allegations set forth in the instant complaint. Dkt. #42, ¶¶ 69-82.

In reply, plaintiff argues that regardless of the AAG's preference and past practice, this Court's Case Management Order clearly provides for depositions at the plaintiff's current place of confinement. Dkt. #47, ¶ 31. Moreover, plaintiff states that in each of his prior lawsuits, either the AAG travelled to the correctional facility in which

plaintiff was residing or conducted the deposition by videoconference.  Dkt. #47, ¶ 32.  Plaintiff seeks an evidentiary hearing to determine, *inter alia*, why his surgery did not go forward once the deposition was cancelled or why, at the very least it wasn't immediately rescheduled.  Dkt. #47, ¶ 34.

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, LTDA v. GE Medical Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004), quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).  "It need not be established that the violation was willful." *Id.*.

In the instant case, the Court's Case Management Order is clear and unambiguous that plaintiff's deposition should take place at the correctional facility where he presently resides.  Despite this provision, the AAG directed plaintiff's transfer to another facility for his convenience.  As plaintiff was not actually transferred, however, there is no evidence of noncompliance.  Accordingly, there is no basis for a finding of contempt.

Plaintiff's motion for a protective order is granted in part.  The AAG shall reschedule and conduct plaintiff's deposition in accordance with the provisions of the Court's Case Management Order and with the additional requirement that he shall

confer with the correctional facility at which plaintiff is residing to avoid scheduling the deposition on a date when plaintiff is already scheduled for medical appointments or procedures.

As plaintiff's medical records were produced on July 1, 2011 (Dkt. #40), plaintiff's request to hold the deposition in abeyance until such records are produced is moot.

Finally, plaintiff's motion to amend the complaint is denied without prejudice given plaintiff's failure to comply with the provisions of Local Rule 15, which requires a movant seeking to amend or supplement a pleading to

> attach an unsigned copy of the proposed amended pleading as an exhibit to the motion.  The proposed amended pleading must be a complete pleading superseding the original pleading in all respects.  No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

**SO ORDERED.**

DATED:   Buffalo, New York
         March 16, 2012

            <u>s/ H. Kenneth Schroeder, Jr.</u>
            **H. KENNETH SCHROEDER, JR.**
            **United States Magistrate Judge**