**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**RONALD DAVIDSON,**

                **Plaintiff,**

**v.**

                                        **07-CV-599S(Sr)**

**WESLEY CANFIELD, M.D.,**

                **Defendant.**
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M.

Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pretrial matters.  Dkt. #18.

Thereafter, Chief Judge Skretny referred plaintiff's Motions for a Preliminary Injunction

(Dkt. ##48 and 62) to the undersigned for the issuance of a Report, Recommendation

and Order.  Dkt. ##64 and 74.

        Plaintiff, Ronald Davidson, filed this *pro se* action pursuant to 42 U.S.C. §

1983, alleging that between June and December 24, 2004, while he was incarcerated at

the Elmira Correctional Facility ("Elmira"), Wesley Canfield, M.D., Facility Health

Services Director at Elmira, arranged for plaintiff's transfer to Shawangunk Correctional

Facility ("Shawangunk"), so as to interfere with scheduled foot surgery and urological

surgery, in retaliation for plaintiff's filing of *Davidson v. Desai*, 03-CV-121.  Dkt. ##1 & 5.

        Presently pending are plaintiff's motion filed on January 18, 2012 seeking

to amend the complaint and for a preliminary injunction (Dkt. ##48 and 49) and

plaintiff's motion filed on April 27, 2012 for a preliminary injunction and to "supplement the motion dated 1/11/12 which sought permission to submit an Amended Complaint" (Dkt. #62).  Defendants have filed opposition to the instant motions (Dkt. ##51, 52 and 69).  What follows is this Court's Decision and Order with respect to those portions of the instant motions which seek to amend the complaint.  Those portions of the instant motions which seek a preliminary injunction will be addressed in a Report, Recommendation and Order to be filed separately.

Plaintiff commenced this action on September 12, 2007 against Wesley Canfield, M.D., Calvin West, Glenn Goord, Lester Wright, M.D., Anthony J. Annucci, John Does 1-10 and Joseph Hatef, DPM.  Dkt. #1.  In an Order filed March 12, 2008, United States District Judge Michael A. Telesca dismissed with prejudice the claims against defendants West, Goord, Wright and Annucci because plaintiff's allegations failed to demonstrate the personal involvement of each of the aforementioned supervisory officials.  Dkt. #5.  Judge Telesca also ordered the dismissal with prejudice of the claim against Joseph Hatef, a "private" podiatrist because the allegations failed to state that he was involved in the retaliatory plans to transfer plaintiff in order to interfere with plaintiff's foot surgery.  *Id*.

The claims against the only remaining defendant, defendant Wesley Canfield, M.D., are that in or about June 2004, in retaliation for plaintiff's filing of

*Davidson v. Desai, et al*, 03-CV-121[1], defendant Canfield cancelled bilateral foot surgery and urological surgery and arranged to have plaintiff transferred from Elmira to another facility within the New York State Department of Corrections, now known as the State of New York Department of Corrections and Community Supervision.  Dkt. #1. Moreover, plaintiff alleges that defendant Canfield, as the Medical Director at Elmira knew that the transfer would interfere with scheduled foot and urological surgery.  *Id*. Plaintiff further alleges that, "Canfield advised me that he was cancelling the surgeries because he didn't want me 'hanging around' Elmira prison to recuperate from said surgeries and that he wanted me to be transferred from Elmira prison as soon as possible.  Dr. Canfield advised me of his plans in an extremely irate fashion soon after he and the other named defendants were served with the complaint in or about June 2004."  *Id*.  In his third cause of action against Dr. Canfield, plaintiff alleges that Dr. Canfield has denied him a high fiber diet.  *Id*.  Finally, in his fourth claim, plaintiff asserts that as a result of the retaliatory transfer previously described, plaintiff was denied the opportunity to attend the college course at the State University of New York at Binghamton for which he had been admitted and enrolled.  *Id*.


On or about August 3, 2009, defendant Canfield filed his Answer to the Complaint.  Dkt. #15.  Since that time, the parties have been engaged in the exchange of paper discovery and by Notice of Deposition dated May 31, 2011 (Dkt. #36), plaintiff's deposition was scheduled for a day during the week of July 3, 2011 at 10:00 a.m.  Dkt. #59, p.2.  The Notice of Deposition stated that the deposition would take

---

[1] In his action titled, *Davidson v. Desai, et al.*, plaintiff herein commenced an action against, among many others, Wesley Canfield, M.D.

place at a facility to be determined by DOCS."  Dkt. #36.  The Assistant Attorney

General handling the matter has stated that on May 31, 2011, he requested plaintiff's

transfer to the Attica Correctional Facility for his deposition.  Dkt. #42, ¶ 17.


By motion dated June 5, 2011, plaintiff sought a protective order directing

the AAG to conduct his deposition at the facility in which he was housed, *to wit*,

Shawangunk Correctional Facility, either in person or by video conference, behind

closed doors outside of the presence of employees of Shawangunk at a date and time

that did not conflict with scheduled medical appointments and only after plaintiff

received copies of his medical records.  Dkt. #37.  In his response to plaintiff's motion

for a protective order, the AAG declared that on June 23, 2011, after reviewing

plaintiff's motion, he phoned Classification and Movement and informed them that

plaintiff's deposition was cancelled.  Dkt. #42, ¶ 25.  Indeed, the AAG confirmed the

same in a letter dated June 23, 2011 addressed to Classification and Movement.  *Id*.

Thereafter, by Motion dated June 26, 2011, plaintiff sought an order holding the AAG in

contempt of court for attempting to produce plaintiff for a deposition at a time and date

which caused the cancellation of plaintiff's surgery to remove a bunion.  Dkt. #39.  In

addition, plaintiff also sought permission to amend his complaint to challenge repeated

cancellations of this surgical procedure.  *Id*.


In a Decision and Order filed on March 16, 2012, the undersigned granted

in part plaintiff's motion for a protective order, directing that the AAG shall reschedule

and conduct plaintiff's deposition in accordance with the provisions of the Court's Case

Management Order and with the additional requirement that he shall confer with the correctional facility at which plaintiff is housed to avoid scheduling the deposition on a date when plaintiff is already scheduled for medical appointments or procedures.  Dkt. #59.  With respect to plaintiff's motion to amend the complaint, that motion was denied without prejudice by reason of plaintiff's failure to comply with the provisions of Local Rule 15 which requires a movant seeking to amend or supplement a pleading to,

> attach an unsigned copy of the proposed amended pleading as an exhibit to the motion.  The proposed amended pleading must be a complete pleading superseding the original pleading in all respects.  No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

*Id*.  While the aforementioned motion seeking a protective order and permission to amend the complaint was under advisement by this Court, on January 18, 2012, plaintiff filed one of the instant motions seeking, again, to amend the complaint, as well as a preliminary injunction.  Dkt. ##48 and 49.  On or about April 27, 2012, plaintiff subsequently filed a motion to supplement his earlier motion to amend, as well as a second motion for a preliminary injunction.  Dkt. ##62, 65, 67, 71 and 72.  At no time, however, despite this Court's instruction that Local Rule 15 requires a motion to amend to attach an unsigned proposed amended pleading as an exhibit to the pleading, did plaintiff submit a proposed amended complaint for this Court's consideration.  *See* Dkt. #59, p.6.


In his motion and memorandum of law filed on January 18, 2012 (Dkt. ##48 and 49), plaintiff reiterates the relief sought by his June 2011 motion for a

protective order and adds that the re-scheduled date for his bunion surgery originally scheduled in June was in September 2011 on the eve of Rosh Hashana.  Dkt. #48, p.3. Plaintiff maintains that the medical staff spitefully scheduled the surgery for the eve of Rosh Hashana, moreover, according to plaintiff the surgery was cancelled by Dr. Andrew Shapiro who requested that the surgery be re-scheduled to a date that would not interfere with the "High Jewish Holidays."  *Id*.  Thereafter, Dr. Shapiro advised plaintiff that he was only authorized to perform surgery in a prison facility using local anesthesia and that general anesthesia could only be administered in a hospital. Plaintiff alleged that "[b]ecause Dr. Shapiro determined that I was 'apprehensive about doing the surgery under local anesthesia, he referred me to Jonathan Holder, M.D., an orthopedic surgeon, who contracts his services to the DOCCS."  Dkt. #48, p.4.


Plaintiff was seen by Dr. Holder on November 10, 2011 who examined his right shoulder and his feet.  *Id*.  Dr. Holder ordered surgery for plaintiff's right shoulder and both feet.  Approval for surgery on plaintiff's feet that had been previously approved was denied by APS, Inc. and further "upheld" by Timothy Whalen, M.D., Regional Medical Director for DOCCS.  *Id*.  Plaintiff maintains that if the Court grants his request to file an Amended Complaint, the Amended Complaint would add new defendants Timothy Whalen, M.D. and APS, Inc.  The Amended Complaint would also include an additional cause of action pursuant to Title 42, United States Code, Section 1985 alleging "obstruction of justice and depriving [plaintiff] of rights and privileges for denying me the previously approved and scheduled surgery and for lying in the CORC

decision dated 12/28/11 by falsely stating the surgery was completed on 9/28/11." *Id.* at p.5.

In his "Affidavit in Support of Motion to Supplement the Motion Dated 11 January 2012" (Dkt. #62) filed April 27, 2012, plaintiff submits a grievance dated April 20, 2012 concerning what he describes as the fourth cancellation of his foot surgery that was allegedly scheduled for April 24, 2012.  Dkt. #62, p.2.  Plaintiff further alleges,

> [t]he first cancellation and other related events led to the filing of this action.  The 3rd cancellation was the result of Dr. Lee scheduling the surgery on the eve of Rosh Hashana, on 28 September 2011, despite the memorandum from Rabbi A. Horowitz, dated 21 September 2011. . . . (The 2nd cancellation of the surgery, I contend was orchestrated by AAG Zimmerman and was the subject of my earlier motion dated 26 June 2011.  The 1st cancellation resulted in the filing of this action (along with the cancelled urological procedure).)  The instant cancellation of the foot surgery was by the order of Chung Suk Lee, M.D., Facility Health Services Director of Shawangunk prison.

*Id.*  Finally, plaintiff requests that "the Court streamline the process by granting my motion to submit an Amended Complaint, contingent with my providing an unsigned copy of the proposed Amended Complaint in compliance with Local Rule 15 upon finalization of the grievance appeal by CORC or the Court's declaration that the grievance has been constructively fully appealed and 'finalized'; and to consider the instant events in determining my request for a Preliminary Injunction pursuant to Rule 65, FRCP."  *Id.* at p.5.

As set forth in this Court's Decision and Order filed on March 16, 2012

(Dkt. #59), Local Rule 15 requires a movant seeking to amend or supplement a

pleading to,

> attach an unsigned copy of the proposed amended pleading
> as an exhibit to the motion.  The proposed amended
> pleading must be a complete pleading superseding the
> original pleading in all respects.  No portion of the prior
> pleading shall be incorporated into the proposed amended
> pleading by reference.

There can be no dispute that plaintiff clearly comprehends the requirements in Local

Rule 15, and plaintiff's most recent motions to amend the complaint (Dkt. ##48 and 62)

are again denied without prejudice because of plaintiff's failure to comply with the

provisions of Local Rule 15.


Plaintiff is hereby directed to file a motion to amend together with a

proposed amended complaint no later than November 30, 2012.  Plaintiff is advised

that the proposed amended complaint to be submitted by November 30, 2012 must be

intended to **completely replace** the prior complaint in the action.  "It is well established

that an amended complaint ordinarily supersedes the original and renders it of no legal

effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International

Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust

Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's proposed

amended complaint must include all of the allegations against each of the defendants

he seeks to add so that the amended complaint may stand alone as the sole complaint

in this action which the defendants must answer.  Failure to comply with the foregoing will result in the denial of any subsequent motion to amend the complaint.

**SO ORDERED.**

DATED:      Buffalo, New York
            September 25, 2012

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**