**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**RONALD DAVIDSON,**

                                     **Plaintiff,**                **07-CV-599S(Sr)**

**v.**

**WESLEY CANFIELD, M.D.,**

                                       **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #18.

Plaintiff, Ronald Davidson, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that between June and December 24, 2004, while he was incarcerated at the Elmira Correctional Facility ("Elmira"), Wesley Canfield, M.D., Facility Health Services Director at Elmira, arranged for plaintiff's transfer to Shawangunk Correctional Facility ("Shawangunk"), so as to interfere with scheduled foot surgery and urological surgery, in retaliation for plaintiff's filing of *Davidson v. Desai*, 03-CV-121. Dkt. ##1 & 5.

Currently before the Court are plaintiff's motions to compel discovery. Dkt. ##61 and 68. For the following reasons, plaintiff's motions are denied. The claims against the only remaining defendant, Wesley Canfield, M.D., are that in or about June

2004, in retaliation for plaintiff's filing of *Davidson v. Desai, et al*, 03-CV-121[1], defendant Canfield cancelled bilateral foot surgery and urological surgery and arranged to have plaintiff transferred from Elmira to another facility within the New York State Department of Corrections, now known as the State of New York Department of Corrections and Community Supervision. Dkt. #1. Moreover, plaintiff alleges that defendant Canfield, as the Medical Director at Elmira, knew that the transfer would interfere with scheduled foot and urological surgery. *Id*. Plaintiff further alleges that, "Canfield advised me that he was cancelling the surgeries because he didn't want me 'hanging around' Elmira prison to recuperate from said surgeries and that he wanted me to be transferred from Elmira prison as soon as possible. Dr. Canfield advised me of his plans in an extremely irate fashion soon after he and the other named defendants were served with the complaint in or about June 2004." *Id*. In his third cause of action against Dr. Canfield, plaintiff alleges that Dr. Canfield has denied him a high fiber diet. *Id*. Finally, in his fourth claim, plaintiff asserts that as a result of the retaliatory transfer previously described, plaintiff was denied the opportunity to attend the college course at the State University of New York at Binghamton for which he had been admitted and enrolled. *Id*. On or about August 3, 2009, defendant Canfield filed his answer to the complaint. Dkt. #15. Since that time, the parties have been engaged in the exchange of paper discovery and defendant Canfield has sought to take the plaintiff's deposition, although the Court does not believe that the deposition has taken place.

---

[1] In *Davidson v. Desai, et al.*, plaintiff herein commenced an action against, among many others, Wesley Canfield, M.D.

By his motions, plaintiff seeks to compel the disclosure of documents and information that are clearly irrelevant to the claims alleged in the complaint against defendant Canfield. Beginning in late June 2011, plaintiff has sought permission to amend his complaint to challenge repeated cancellations of this surgical procedure. Dkt. #39. In a Decision and Order filed on March 16, 2012, plaintiff's motion to amend the complaint was denied without prejudice by reason of plaintiff's failure to comply with the provisions of Local Rule 15 which requires a movant seeking to amend or supplement a pleading to,

> attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

Dkt. #59. Despite this Court's instruction that Local Rule 15 requires that a proposed amended complaint be attached as an exhibit to a motion to amend a pleading, at no time has plaintiff submitted a proposed amended complaint for this Court's consideration. *See* Dkt. #59, p.6.

In a Decision and Order filed September 25, 2012, the Court once again denied without prejudice plaintiff's motions to amend the complaint (Dkt. ##48 and 62) because of plaintiff's failure to comply with the provisions of Local Rule 15. Moreover, the Court directed the plaintiff to file a motion to amend together with a proposed amended complaint no later than November 30, 2012, noting that the proposed amended complaint must be intended to **completely replace** the prior complaint in

the action. Notwithstanding the foregoing, plaintiff failed to file a motion to amend together with a proposed amended complaint by November 30, 2012. Rather, plaintiff filed objections to this Court's Decision and Order. Dkt. #77.

On December 6, 2012, Chief Judge Skretny issued a Text Order denying plaintiff's objections to this Court's September 25, 2012 Decision and Order. Chief Judge Skretny's Text Order states in pertinent part:

> Plaintiff maintains that he cannot comply with the Magistrate Judge's Order to submit a timely Motion to Amend his Complaint and proposed amended complaint because he has a grievance pending. That grievance, however, relates to Plaintiff's post-surgical care, which is not at issue in this lawsuit. This lawsuit concerns only Plaintiff's claim that Defendant Canfield canceled medical procedures and had him transferred to a different facility in retaliation for Plaintiff instituting a legal action against him Davidson v. Desai, et al., 03-CV-121S. Accordingly, the pending grievance has no relation to this lawsuit and does not prevent Plaintiff from complying with the Magistrate Judge's Order.
>
> Finding no error, Plaintiff's [77] objections are DENIED. Plaintiff is directed to file a motion to amend together with a proposed amended complaint no later than January 31, 2013. Plaintiff is again advised that the proposed amended complaint will completely replace the prior complaint in this action.

Dkt. #84.

In his first-filed motion to compel (Dkt. #61), plaintiff alleges that the Assistant Attorney General assigned the responsibility of handling this matter has "stonewalled and refused to provide me with any of the documents that I demanded

-4-

and that are necessary to formulate a proposed copy of the amended pleading required by this Court's Local Rule 15." Dkt. #61, p.2. By his interrogatories and document requests, plaintiff is seeking documents and information relating to conduct that took place in 2011 and 2012 and relating to individuals not named in the complaint as it is presently drafted. Events that took place in 2011 and 2012 have no relation to this action and accordingly, plaintiff is not entitled to the discovery he seeks.

In his second-filed motion to compel (Dkt. #68), plaintiff seeks copies of his 2012 medical records, as well as other documents relating to 2012 conduct by individuals who are not parties in this matter. *See* Dkt. #63. In a letter dated April 26, 2012 and annexed to the instant motion, the Assistant Attorney General advised plaintiff that before he may release copies of plaintiff's medical records, the plaintiff must complete a HIPAA compliant authorization. Dkt. #68, p.4. With respect to plaintiff's other requests, the Assistant Attorney General advised that defendant Canfield objected to the requests as "clearly irrelevant to the instant proceeding and not calculated to lead to the discovery of admissible evidence and are therefore not relevant to this proceeding." *Id*.

With respect to plaintiff's medical records, to the extent plaintiff seeks to have those records disclosed, plaintiff is directed to complete a HIPAA compliant authorization. With respect to defendant's motion to compel the disclosure of documents relating to April 2012 conduct and individuals not parties to this action, for the reasons stated above, plaintiff's motion is denied.

As stated in Chief Judge Skretny's December 6, 2012 Text Order, plaintiff has one final opportunity to comply with the requirements of Local Rule 15 and file a motion to amend the complaint, together with the proposed amended complaint. Plaintiff's motion to amend together with a proposed amended complaint shall be filed no later than January 31, 2013. Plaintiff is advised that the proposed amended complaint to be submitted by January 31, 2013 must be intended to **completely replace** the prior complaint in the action. Therefore, plaintiff's proposed amended complaint must include all of the allegations against each of the defendants he seeks to add so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

      **SO ORDERED.**

DATED:    Buffalo, New York
             December 6, 2012

                                     *s/ H. Kenneth Schroeder, Jr.*
                                     **H. KENNETH SCHROEDER, JR.**
                                     **United States Magistrate Judge**